## CONSTRUCTION OF THE WORDS "REGULARLY EMPLOYED" IN THE WORKMEN'S COMPENSATION ACT.

Superior Court of Cincinnati.

STATE OF OHIO, EX REL TIMOTHY S. HOGAN (IN RE DORA KIBBY), v. DAVID BERL.

Decided, November 16, 1916.

*Workmen's Compensation—Five or More Men Regularly Employed— Means there Must be Five or More Employees in the Conduct of the Business.*

The provisions of Section 13 of the workmen's compensation law, making the law applicable only in the cases of employers having in service "five or more workmen or operatives regularly in the same business," requires that the business be one in which five or more employees be reguarly employed, but does not forbid changes in the personnel of the employees.

*Froome Morris,* Assistant Attorney-General, for plaintiff.
*Eugene Adler,* contra.

GUSWEILER, J.

This cause is before the court now on a motion to take from the jury and for a verdict for the defendant on the ground that no case has been made by the plaintiff. The real issue in the case is the legal construction to be placed on Section 13 of the workmen's compensation law (103 O. L., p. 72), particularly that part referring to the law having application to such employers having in service, "*five or more workmen or operatives regularly in the same business,*" etc. What is the legal significance of "*regularly in the same business,*" etc.?

The court agrees with the opinion of the Ohio State Industrial Commission rendered by Yaple, chairman, and concurred in by Hammond and Duffy, commissioners, as found in the Industrial Bulletin, under date of December 1, 1914, on page 163, construing this very expression, as follows:

"It does not mean that the workmen must be permanently employed, but rather that there must be five or more workmen regularly employed in the business—*that is, it must be essential to the conduct of the business that five or more employees be employed.* It may be that the personnel of the employees may change, but so long as five or more *are kept employed* in the same business, then the employer comes within the provisions of this act."

The court agrees with the opinion of Attorney-General Hogan, rendered March 9th, 1912, found on page 426, Boyd's Treatise on Workmen's Compensation Law, in which Mr. Hogan says:

"A liberal construction is given the word "regularly" as used in this section. It is not construed to mean "continuously." If an employer employs five or more workmen or operatives in the business which he is conducting during such portions of the year as conditions permit of carrying on of said business in which he is employed, he and his employees are subject to the provisions of the law."

The court is in sympathy with the workmen's compensation law and all its purposes, and believes that it should be made to

apply to all masters and employers, regardless of the number of employees employed.    But the Legislature in its wisdom has limited its application solely to cases wherein the employer employs five or more workmen, and we are reluctant to make any ruling or finding which would in any manner disturb the full and complete operation and application of this law.    We would rather construe every part and every section liberally, with a view to enforcing every line of the law so as to make it workable and effective toward the purposes of the act.    However, applying the interpretation, theory and rule laid down in the opinion of our Ohio State Industrial Commission on this question as above cited, together with the opinion of former Attorney-General Hogan as cited, and after careful investigation and consideration, we find that we are left to no other alternative than to hold that this particular instant case at bar as proven by plaintiff, does not come within the provisions of the workmen's compensation act.

The motion will be granted.